Mr. Bill A. Shirron, Executive Director Arkansas Teacher Retirement System #3 State Capitol Mall Little Rock, Arkansas 72201
Dear Mr. Shirron:
This is in response to your request for an opinion on whether, under Sections 24-7-401(c)(2) and 24-7-401(d)(1) of the Arkansas Code Annotated, the Public School Fund may be billed for additional employer contributions due the Teacher Retirement System as a result of an Arkansas Teachers' Retirement Board of Trustees' policy which will allow members now on a maximum salary of $7,800 for reporting and retirement purposes to change to actual salary and become non-contributory members retroactive to July 1, 1986, without paying the additional employer contributions due for each fiscal year since that date.
You note that as a result of a lawsuit filed by an active member of the Teacher Retirement System, a settlement agreement was entered into between the member and the system. The agreement provided in part that "ATRS shall provide service credit for plaintiff for non-contributory service beginning in fiscal year 1987 through the fiscal year ending June 30, 1994; said service credit shall be at the plaintiff's full salary for each of said respective years as paid by her employer as defined in A.C.A. Section 24-7-202(6). Plaintiff shall not be required to make any contribution to receive said credit. Effective July 1, 1994, plaintiff shall be classified by ATRS as having elected to eliminate member contributions pursuant to A.C.A. Section24-7-406(f) with employer contributions to be based upon plaintiff's full salary." You note that there are twenty active members covered by this same situation, and they will be afforded the same right as outlined in the settlement agreement.[1]
You note additionally, that there are one hundred and seventy-two active contributory members who in 1969-1970 and 1970-1971 elected to pay contributions only on the first $7,800 of their salaries. Employer contributions collected from the Public School Fund have only been on the $7,800 salary for these members. The Board intends to institute a policy which allows these members to become non-contributory members retroactive to July 1, 1986, and to change to full salary for reporting and retirement purposes but without having to pay the additional employer contributions due. (In order to make the change for service rendered before
July 1, 1986, the member must pay both employee and employer contributions, plus interest to July 1, 1986.)
Your specific questions with regard to these facts are as follows:
 1. As set out in A.C.A. § 24-7-401(c)(2) and Section 24-7-401(d)(1), under the board policy as stated above, can the Teacher Retirement System bill the Public School Fund for the additional employer contributions due as a result of these members electing to change to non-contributory and actual salary status effective July 1, 1986? This question is premised on the assumption that an additional legislative appropriation to the Public School Fund will be made to fund the amount due and such charge will not impact detrimentally upon the Fund.
 2. If the answer to question #1 is "no," assuming an additional appropriation can be obtained, is there any other vehicle in the state law which could be used?
I must note initially that you have not provided this office with any information regarding the settlement agreement, other than as stated above, and as such I am not in a position to determine what is required by that document, or how that agreement might impact the applicable law. I assume from your request, however, that the one hundred and seventy-two active members in question are not parties to the settlement agreement, and I will therefore focus on your specific question only, which is whether the Public School Fund may be billed for the additional contributions you mention, in light of the relevant provisions of A.C.A. 24-7-401. These provisions state as follows:
 (c)(2) For each fiscal year beginning July 1, 1993, or later, the dollar amount of state employer contributions to be paid during the fiscal year shall be the lesser of the result of multiplying the applicable percent of active member payroll for the fiscal year by the total covered salaries during the fiscal year, including any required prior-year reported salaries, of members whose positions are financed by the State Public School Fund, taking the result to the nearest dollar, or the amount appropriated by the General Assembly during each biennium.
 (d)(1) The board shall certify annually to the Treasurer of State the amounts calculated at the rate established by law or appropriated, which ever is less, for employer contributions to be paid by the state, which contributions shall be paid from the State Public School Fund or federal funds administered by the State Board of Education.
It is clear, in my opinion, that the total dollar amount of state employer contributions for fiscal years beginning July 1993 and thereafter must be the lesser of the amount reached by applying the formula set out above in (c)(2), or the amount appropriated by the General Assembly. See Op. Att'y Gen. 94-214. Your question assumes that an additional amount will be appropriated by the General Assembly to cover the costs of the Board's new policy. It is my opinion, however, that if this amount, added to the amount already appropriated by the General Assembly for state employer contributions, is greater that the dollar amount achieved by applying the formula, the Board may not implement this policy by "billing" the Public School Fund. Stated another way, if applying the formula results in a lesser dollar amount than the amount required to be appropriated by the General Assembly to cover all employer contributions plus an amount sufficient to cover the board's new policy, the statute requires that only the lesser amount (calculated by virtue of the formula) may be certified and paid. The answer to your question may therefore depend upon the exact dollar amounts required to satisfy the Board's new policy. If the total amount required to be appropriated to fund employer contributions, including the amounts needed to fund the new policy, are less than the amount reached when the formula is applied, I can find nothing in A.C.A. § 24-7-401 which would prohibit or restrict the additional appropriations necessary to implement the policy, and the payment of this appropriation from the Public School Fund.
I should note as a final matter than questions may arise regarding whether or how any of the previous years salaries of the members in question may be plugged into the formula found in A.C.A. 24-7-401 (c)(2). It is my opinion that the formula generally contemplates a year to year computation (see the repeated references to "the fiscal year" in that subsection). There is one reference, however, to including "required prior-year reported salaries." This term is not defined in the subchapter, and this office has insufficient knowledge of the history or workings of the formula to attempt to provide a definition. The Board may wish to consult its counsel, however, and any applicable rules and regulations with regard to this term, to determine whether the formula would allow the inclusion, in some way, of the salaries of the members in question for the years which are the subject of your question.
In response to your second question, if application of the formula results in a lesser amount than the total required to be appropriated by the General Assembly, I can find no other vehicle of state law which would authorize the contribution. The statute discussed above covers the field of Teacher Retirement System employer contributions, and in my opinion is intended to be exclusive.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
[1] You do not indicate specifically that these members were parties to the lawsuit or covered by the settlement agreement.